UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FULL HOUSE PRODUCTIONS, INC., )
)
Plaintiff, )
)
vs. ) 05 C 4602
)
SHOWCASE PRODUCTIONS, INC., an )
Illinois corporation; SANDRA L. ITALIA, )
individually; JOHN ITALIA, JR., individually; )
DANIEL "CHESTER" SURVILLAS, )
individually; and BRENT WOODS, individually, )
)
Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendants Daniel Survillas and Brent Woods to dismiss them from the complaint of Plaintiff Full House Productions, Inc. ("Full House"). For the reasons set forth below, the motion is denied.

### BACKGROUND

According to the allegations of the complaint, which we must accept as true for purposes of this motion, Full House produces and organizes home improvement exhibitions in and around Chicago. Full House has been in the home improvement

show business since 1994 and advertises its shows in several ways, including a website found at the address "www.thehomeshows.net."

Defendant Showcase Productions, Inc. ("Showcase") is a competitor of Full House. Showcase began doing business in 2002. Showcase has registered the domain name "www.thehomeshow.net." Full House alleges that the metatags, or search keywords, that direct search engines to Showcase's website include "full house productions" as well as the names of Full House employees (or variations thereof). According to Full House, Survillas and Woods were responsible for associating the metatags with Showcase's website. The complaint also states that Showcase registered its domain name with the intention that it would be similar to Full House's and that online traffic would be misdirected to their website by virtue of the likeness of the addresses.

Survillas and Woods seek dismissal pursuant to Fed. R. Civ. Proc. 12(b)(6), contending that the complaint fails to state a claim as to them.

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff,

and accept as true all well-pleaded facts and allegations in the complaint. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993); Perkins v. Silverstein, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. Kyle v. Morton High Sch., 144 F.3d 448, 454-55 (7th Cir. 1998). The plaintiff need not allege all of the facts involved in a claim and can plead conclusions. Higgs v. Carter, 286 F.3d 437, 439 (7th Cir. 2002); Kyle, 144 F.3d at 455. A pleading need only convey enough information that the defendant is able to understand the gravamen of the complaint. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999). However, any conclusions pled must "provide the defendant with at least minimal notice of the claim." Kyle, 144 F.3d at 455. Further, the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the basis" of the claim. Perkins, 939 F.2d at 466-67.

## DISCUSSION

Only three counts of the complaint contain allegations specific to Survillas and Woods: Counts I, II, and IV. Count I is a claim for false designation under the Lanham Act. 15 U.S.C. § 1125(a). To state such a claim, Full House must plead that Survillas and Woods falsely designated the origin of the services Showcase provides through its website, that they caused the services to enter into commerce, and that Full House believes it will be damaged by their actions. Kennedy v. Nat'l Juvenile Det. Ass'n, 187 F.3d 690, 695-96 (7th Cir. 1999). It is settled law in this circuit that placement of a competitor's trademark in the metatags of one's website can be actionable under the Lanham Act because it causes "initial interest confusion." Promatek Industries, Ltd. v. Equitrac Corp., 300 F.3d 808, 812-13 (7th Cir. 2002).

Survillas and Woods attack Count I in two ways. First, they claim that they are mentioned only in the prayer for relief, so the allegations of the count do not pertain to them. This argument ignores the fact that ¶¶ 38 and 39 are incorporated into Count I by reference. Second, they contend that they are somehow exempt from potential liability because they are merely employees of Showcase. They point to cases that pertain to corporate officers who are not alleged to have directly participated in infringing activities but to whom the plaintiff seeks to impute liability. Clearly, such cases are inapposite in a situation such as this; Survillas and Woods are accused of

being directly involved in the allegedly infringing conduct. As such, their status as employees or volunteers is irrelevant to the cognizability of a claim against them.

Count II focuses on Showcase's registry of the domain name "www.thehomeshow.net" as an underpinning for a claim of cyberpiracy under 15 U.S.C. § 1125(d). Survillas and Woods challenge this count only by stating that they are not specifically named as the parties who effected the registration. While it is true that the complaint refers to Showcase as taking this act, we must for purposes of the instant motion make all reasonable inferences in favor of Full House. It is no stretch of the imagination that the persons responsible for designing Showcase's website would also have a hand in registering the domain name associated with it. Accordingly, the objection to Count II is insufficient to remove Survillas and Woods from its scope.

Count IV contends that the acts alleged to violate the Lanham Act in Counts I and II also violate state law in the form of the Illinois Uniform Deceptive Trade Practices Act. 815 ILCS 510/1 et seq. As Survillas and Woods point out, Illinois courts resolve claims under this act using the same analysis employed for Lanham Act claims. Spex, Inc. v. The Joy of Spex, Inc., 847 F. Supp. 567, 579 (N.D. Ill. 1994). Their issues with Count IV are predicated on the nonviability of Counts I and II; our

conclusion with respect to the latter two dictates that these two defendants cannot be dismissed from Count IV either.

## CONCLUSION

Based on the foregoing analysis, the motion to dismiss of Defendants Survillas and Woods is denied.

_Charles P. Kocoras_
Charles P. Kocoras
Chief Judge
United States District Court

Dated:     November 30, 2005